BARCK v GRANT STATE BANK

Docket No. 66244. Submitted August 16, 1983, at Grand Rapids.—
Decided September 17, 1984. Leave to appeal applied for.

Frederick J. Barck and his wife, Marie V. Barck, obtained financ-
ing through Grant State Bank to purchase a home. The promis-
sory note executed by the Barcks and secured by their mort-
gage was for the principal amount of $30,000 with interest at
9.5% per annum for a period of five years. The mortgage
agreement provided that the balance was due in five years but
that the Barcks had the option to renew the loan at the rate of
interest in effect at the time of renewal. At the end of the five-
year period, the Barcks felt it necessary to exercise their option
to renew and executed a mortgage extension agreement which
provided for interest to be at the rate of 15% per annum.
Under the terms of the extension agreement the balance owing
on the loan would have to be paid at the end of two years.
There was also another option to renew granted to the Barcks.
Four days after entering into the mortgage extension agree-
ment, the Barcks rescinded it. Grant State Bank informed the
Barcks that it would accept the rescission and demanded the
entire balance past due and owing under the original mortgage
and threatened foreclosure if payment of the principal balance
was not timely made. The Barcks filed suit against Grant State
Bank in Newaygo Circuit Court seeking a declaratory judgment
concerning their legal rights as to the original mortgage and
note and seeking an injunction *pendente lite* in order to stop a
foreclosure proceeding by advertisement. An injunction was
eventually granted but, in effect, it only extended the time in
which the Barcks had to redeem from the forclosure sale by 30
days. Defendant filed a motion for summary judgment on the
ground that there was no genuine issue as to any material fact
and that it was entitled to judgment as a matter of law. At the
hearing on the motion, the court refused to grant an extension
of the injunction *pendente lite* and granted defendant's motion

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[2] 45 Am Jur 2d, Interest and Usury §§ 34, 35, 238 *et seq.*
[3] 17 Am Jur 2d, Contracts §§ 1, 192.

for summary judgment, Terrence R. Thomas, J. Plaintiffs appealed, and the Court of Appeals extended the injunction *pendente lite* to ten days beyond the release date of its opinion. *Held:*

1. Plaintiffs' first argument, that the deliberate insertion of a provision by the lender requiring payment in full of a promissory note and mortgage prior to the time the lender knew the borrower could reasonably repay the loan and the granting of an option to renew in the mortgage but at a higher rate of interest violates the usury laws of Michigan and, therefore, the provisions are void and unenforceable, is rejected. There was no violation of the usury laws and the trial court did not err by finding that defendant was entitled to judgment as a matter of law.

2. Plaintiffs' second argument, that, even if the challenged provision does not violate the usury laws, it is unenforceable because the agreement was a contract of adhesion, is also rejected. While plaintiffs did raise a genuine issue of material fact as to whether the agreement was adhesive, they failed to show that evidence existed making the substantive reasonableness of the challenged provision a genuine issue.

3. Plaintiffs' last argument is that the circuit court erred in refusing their motion to extend the injunction *pendente lite* so that the redemption period would terminate six months after judgment becomes final. Even if plaintiffs are correct, they have not been prejudiced because of the Court of Appeals order extending the injunction *pendente lite* to the tenth day following the release date of its opinion. Plaintiffs will have had well over the statutory six-month period to redeem since the date of foreclosure. Plaintiffs' request to further extend the redemption period is denied.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT.

Summary judgment is properly granted if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law; in deciding a motion for summary judgment on the ground that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law, a court is to consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted (GCR 1963, 117.2[3]).

2. CONTRACTS — INTEREST — USURY.

Courts look beyond the form of an agreement and consider the

substance of the transaction involved in determining whether a violation of the usury laws has occurred.

3. CONTRACTS — ADHESION CONTRACTS.

A two-pronged test exists for determining whether a contract is one of adhesion and unenforceable: (1) What is the relative bargaining power of the parties, their relative economic strength, the alternative sources of supply, in a word, what are their options?, and (2) Is the challenged term substantively reasonable?; even if the contract is adhesive under the first prong, the challenged term is still enforceable if it is substantively reasonable and not oppressive or unconscionable.

*Paul B. Newman,* for plaintiffs.

*Reber & Reber* (by *Marcia A. MacDonald),* for defendant.

Before: DANHOF, C.J., and MACKENZIE and M. E. DODGE,* JJ.

MACKENZIE, J. Plaintiffs appeal as of right from a grant of summary judgment for defendant under GCR 1963, 117.2(3) and from the circuit court's denial of their motion to extend an injunction *pendente lite.* We affirm.

Plaintiffs, desirous of purchasing a home, and defendant entered into a promissory note secured by a mortgage on the home. The promissory note was for the principal amount of $30,000 with interest at 9.5% per annum, for a period of five years, with monthly payments of $279.64. The mortgage agreement contained the following clause: "Balance due in five years with option to renew at current rate of interest". The first, and novel, issue for our consideration is whether the above clause violates the statutory stricture that "the note, mortgage, contract, or other evidence of indebtedness shall not provide that the rate of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

interest initially effective may be increased for any reason whatsoever". MCL 438.31c(2); MSA 19.15(1c)(2).

Summary judgment is properly granted under GCR 1963, 117.2(3) if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law; a court is to consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted. *Rizzo v Kretschmer,* 389 Mich 363, 370-374; 207 NW2d 316 (1973).

In addition to the express terms of the parties' agreement, the undisputed facts are as follows. The monthly payment provided in the note was not adequate to fully repay the debt within the five-year period of the loan, and at the time the agreement was entered into, neither plaintiffs nor defendant expected that plaintiffs would be able to pay off the balance owing at the expiration of five years, but rather would have to obtain new financing. The president of defendant bank in his deposition stated that the purpose of the challenged clause was to allow defendant to increase plaintiffs' interest rate at the end of the five years if the general interest rate had risen during that time.

The gist of plaintiffs' argument on appeal is not that any genuine issue of material fact existed with respect to whether the clause violated the above-quoted statute, but rather that the court erred in finding that defendant was entitled to judgment as a matter of law. We agree with the circuit court that the clause did not violate the statute. The mortgage agreement herein was one providing for what is commonly referred to as a "balloon payment" at the expiration of the loan period. The promissory note was for a period of five years, and the interest rate of 9.5% per an-

num remained constant during this period. At the end of the five-year period, plaintiffs could pay the balance owing or could exercise their option to obtain new financing with defendant at the then-current rate of interest.

We recognize that, in determining whether a violation of the usury laws has occurred, courts are to look beyond the form of the agreement and consider the substance of the transaction. *Wilcox v Moore,* 354 Mich 499, 504; 93 NW2d 288 (1958). However, we reject the proposition that, because the parties expected that plaintiffs would not be able to pay off the balance owing and would have to undertake new financing, the transaction should be viewed as a loan for a period of more than five years with the provision that the interest rate could be increased after the expiration of five years. Clearly, if it had been anticipated that plaintiffs would be able to pay off the balance owing without new financing, there would be no violation of MCL 438.31c(2); MSA 19.15(1c)(2). To find a violation because the parties expected that new financing would be necessary would make the result turn on the speculative expectations of the parties at the time the promissory note was executed, regardless of whether future events confirmed or disproved those expectations.

Moreover, public policy considerations favor upholding the validity of mortgage agreements of this nature. In the recent case of *Manufacturers Nat'l Bank of Detroit v Pink,* 128 Mich App 696; 341 NW2d 181 (1983), this Court held that an interest rate of "1.5% above prime rate" in a mortgage agreement was not violative of MCL 438.31c(2); MSA 19.15(1c)(2) even though the amount of interest paid might vary, stating:

"In our recent financial history, many financial insti-

tutions have faced bankruptcy by being tied to a fixed interest rate in the face of an advancing prime rate. The device of tying the interest rate to the prime rate was an effort to avoid this difficulty. Now, in the face of a declining prime interest rate, such a clause would be advantageous to the customers of the financial institution. This Court must be aware of the commercial practices of the day. Notice is taken of the large amount of commercial paper that has been tied to the interest rate and the disastrous effect of holding such paper violative of the above-cited statute".

The use of a short-term promissory note with a balloon payment at the end is a similar method by which financial institutions may insure their solvency, and this also benefits borrowers because it enables financial institutions to make more funds available for real estate loans.

Plaintiffs' second argument is that, even if the challenged clause of the mortgage agreement does not violate MCL 438.31c(2); MSA 19.15(1c)(2), it is unenforceable because the agreement was a contract of adhesion. The two-pronged test for determining whether a contract is one of adhesion and unenforceable is:

"(1) What is the relative bargaining power of the parties, their relative economic strength, the alternative sources of supply, in a word, what are their options?; (2) Is the challenged term substantively reasonable?" *Allen v Mich Bell Telephone Co,* 18 Mich App 632, 637; 171 NW2d 689 (1969), *lv den* 383 Mich 804 (1970).

Even if the contract is adhesive under the first prong, still the challenged term is enforceable if it is substantively reasonable and not oppressive or unconscionable. *Allen, supra,* p 638; *Brown v*

*Siang,* 107 Mich App 91, 107; 309 NW2d 575 (1981).

Plaintiffs herein did raise a genuine issue of material fact as to whether the agreement was adhesive. Defendant admitted that the agreement was not open to negotiation, and plaintiffs asserted that defendant was the only possible source for a loan. However, in order to successfully oppose defendant's motion for summary judgment, plaintiffs were required to make a showing that evidence existed making the substantive reasonableness of the challenged clause a genuine issue. *Rizzo, supra,* pp 371-372. This plaintiffs failed to do. The clause on its face cannot possibly be considered unreasonable or unconscionable. Also, the fact that both plaintiffs and defendant expected that plaintiffs would find it necessary to undertake new financing at the end of the five-year period did not raise any genuine issue as to the reasonableness of the clause since the new financing was to be at the then-current rate of interest, not some unconscionably high rate of interest. Finally, that plaintiffs were deprived of the advantage of obtaining a long-term loan, bearing an interest rate below the interest rates which would prevail in the future, can by no means be considered unreasonable or unconscionable.

We affirm the circuit court's grant of summary judgment for defendant. The last issue for our consideration is plaintiffs' claim that the circuit court erred in refusing their motion to extend the injunction *pendente lite* so that the redemption period would terminate six months after judgment becomes final, and their request that this Court order such an extension of the injunction.

The balance became due under the five-year promissory note on September 21, 1981, and fore-

closure occurred on February 2, 1982. The circuit court issued an injunction *pendente lite* providing that the redemption period would terminate on September 2, 1982, and this Court by a previous order has extended that injunction to the tenth day following the release date of this opinion. Thus, plaintiffs will have had well over the statutory six-month period to redeem since the date of foreclosure. MCL 600.3240(3); MSA 27A.3240(3). We do not perceive any prejudice to plaintiffs by the running of the redemption period during the course of this litigation and appeal; the fact that this suit was being litigated and was pending on appeal did not hamper plaintiffs' exercise of their right to redeem. Consequently, we refuse plaintiffs' request to further extend the redemption period beyond this Court's previous order.

Affirmed. No costs, an issue of public significance being involved.